UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM R. BLAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 4:09CV01194 RWS |
| | ) | |
| FARMERS INSURANCE | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' cross motions for summary judgment concerning an insurance coverage dispute. Plaintiff William Blake seeks a judgment that he was injured by an "uninsured motorist" as that term is used and defined in four motor vehicle insurance policies issued to him by his insurer, Defendant Farmers Insurance Company, Inc. ("Farmers"). He also seeks a ruling that he is entitled to "stack" the uninsured motorist coverage provided by each of these policies. Farmers seeks a judgment that the uninsured motorist coverage of the policies does not apply to Blake's claim. After careful review of Missouri law, I will deny Farmers' motion for summary judgment and grant Blake's motion for partial summary judgment. Under Missouri law, Blake is entitled to uninsured motorist coverage and he is entitled to stack the four policies.

*I. Factual Background*

This case arose on January 17, 2009, when Blake rode in the front passenger seat of a motor vehicle driven by Gregory Uchtman ("Uchtman") that was involved in a single-car accident in Perry County, Missouri. Blake sustained injuries in the accident resulting in

substantial medical bills. At the time of the accident, the vehicle driven by Uchtman was covered under a liability insurance policy issued by Louisiana Farm Bureau Casualty Insurance Company. The policy provided for liability coverage in the amount of $10,000 per person and $20,000 per accident, meeting the minimum insurance liability requirements for Louisiana. The motor vehicle Uchtman was driving was registered, licensed, and principally garaged in Louisiana.

Under the Missouri Motor Vehicle Financial Responsibility Law, Mo.Rev.Stat. § 303.030.5 ("MVFRL"), the minimum insurance liability coverage for Missouri is $25,000 per person and $50,000 per accident. Notwithstanding the $10,000 limit under Uchtman's policy, Louisiana Farm Bureau paid $25,000 to Blake to resolve Blake's personal injury claim against Uchtman. Blake accepted this $25,000 payment.

Prior to the accident, Farmers issued to Blake four motor vehicle insurance policies that provide uninsured motorist benefits with coverage limits of $30,000 per person and $60,000 per occurrence. All four policies were in force on the date of the accident. Blake contends that, despite being paid $25,000 by Uchtman's insurer, Uchtman's policy did not meet the minimum liability requirements of Missouri and therefore, Uchtman should be considered an uninsured motorist under Missouri law. Accordingly, Blake argues that he is entitled to the uninsured motorist coverage of his Farmers policies. Blake filed suit in the Circuit Court of St. Louis, Missouri, claiming his damages exceed $25,000. On July 29, 2009, the case was removed to this Court.

## II. Legal Analysis

Summary judgment is appropriate if the evidence, viewed in the light most favorable to

the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)).  The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof.  Id. at 324.  In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy.  Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

In the present case, the facts involving the auto accident are not in dispute.  Rather, the issues presented are: (1) whether Uchtman was an uninsured motorist under Missouri law, and, if so, (2) whether Blake is entitled to stack the uninsured motorist coverage provided by Blake's four policies with Farmers.

Blake claims that the uninsured motorist coverage under his Farmers policies applies to the accident because Uchtman's policy did not meet the minimum liability requirements of Missouri.  Farmers argues that the uninsured motorist coverage does not apply to the accident because Uchtman did have appropriate insurance for Louisiana and was, therefore, insured.  In addition, because Uchtman's insurer paid out $25,000, the policy should be deemed to meet Missouri's minimum liability limit.

Under Missouri law, the interpretation of the meaning of an insurance policy is a question of law. Seeck v. Geico Gen. Ins. Co., 212 S.W.2d 129, 132 (Mo. 2007); Am. Fam. Mut. Ins. Co. v. Turner, 824 S.W.2d 19, 21 (Mo. Ct. App. 1991). The court shall enforce an insurance contract as written unless the language of the policy is ambiguous or undermines public policy. Cameron Mut. Ins. Co. v. Madden, 533 S.W.2d 538, 544-545 (Mo. 1976); Seeck, 212 S.W.3d at 132; Hunt v. Everett, 181 S.W.3d 248, 250 (Mo. Ct. App. 2006).

To resolve this insurance policy dispute requires a determination of how the Missouri Supreme Court would decide the question of who is an uninsured motorist and if uninsured motorist coverage on several policies may be stacked. The analysis begins with a review of any pertinent decisions of the Missouri Supreme Court. Troknya v. Cleveland Chiropractic Clinic, 280 F.3d 1200, 1207 (8th Cir. 2002). If none are available, a district court must look to lower court decisions and other reliable state law authorities. Id. Farmers argues that uninsured motorist coverage provided by the four Farmers policies does not apply to Blake because Uchtman's vehicle was not uninsured under the Farmers policies and Missouri law. Farmers' position, however, is not supported by decisions of Missouri courts.

A. **UNINSURED MOTORIST COVERAGE**

As stated in the pleadings, "Uninsured Motorist" is defined in Farmers' policy as:

> 3. Uninsured motor vehicle means a motor vehicle which is:
>    a. Not insured by a bodily injury liability bond or policy at the time of the accident.
>    b. [Deleted by endorsement E1105j]
>    c. A hit-and-run vehicle whose operator or owner has not been identified and which cases bodily injury with or without physical contact of such vehicle with:
>       (1) You or a family member.
>       (2) A vehicle which you or a family member are occupying.

> > (3) Your insured car.
> > d. Insured by a bodily injury liability bond or policy at the time of the accident but the Company denies coverage or is or becomes insolvent within two years after the accident.

The policy, under 3(a), defines an "uninsured motorist" as "Not insured by a bodily injury liability bond or policy." Farmers relies solely on the plain language contained in this definition to deny Blake's claim. Farmers argues that looking plainly at the fact that Uchtman's vehicle did have an insurance policy at the time of the accident, Uchtman falls outside of Farmers' definition of an uninsured motorist. However, the issue is not as clear as Farmers contends. Blake contends that neither "bodily injury liability bond" or "bodily injury liability policy" are defined in the insurance policies. This contention is not disputed by Farmers. When an insurance contract does not define a term, it must be interpreted in accordance with the law of this state. Ward v. Allstate Insurance Co., 514 S.W.2d 576, 578 (Mo. 1974).

In 1996, the Supreme Court of Missouri faced a similar question regarding uninsured motorist coverage in Ragsdale v. Armstrong, 916 S.W.2d 783 (Mo. 1996). The court in Ragsdale determined whether a driver was deemed uninsured under an injured insured's own motor vehicle insurance policy. In Ragsdale, a Louisiana resident, Armstrong, was involved in an automobile collision involving the Ragsdales. The Ragsdales were Missouri residents. Armstrong had motor vehicle liability, but the insurance did not provide the minimum liability insurance coverage required in Missouri. Because the liability limit of Armstrong's policy was below Missouri's minimum limit, the Ragsdales brought suit against their uninsured motorists insurance carrier to recover benefits under two policies totaling $140,000. Judge Benton, concurring, noted that the insurance contract did not define "motor vehicle insurance policy" as used in its definition of

"uninsured motor vehicle", the same issue in the present suit. The court ultimately found Armstrong to be deemed uninsured under Missouri law.

The Ragsdale opinion is challenging to use for guidance because the per curiam opinion is only three sentences in length. However, the ruling in Ragsdale, and a reading of five judges' separate analyses[1], indicate that the Missouri Supreme Court would allow an insured to recover under an uninsured motorist provision of his own policy where the person who caused the accident has an insurance policy with a liability limit less than required by Missouri law. This reading of Ragsdale is supported by several appellate opinions. See Adams v. King, 275 S.W.3d 324 (Mo. Ct. App. 2008) (as discussed below); Cook v. Pedigo, 714 S.W.2d 949, 952 (Mo.Ct. App.1986)(a tortfeasor having insurance in an amount less than the statutory minimum should be considered uninsured).

Farmers, acknowledging the Missouri caselaw, argues this rule would not apply to the present case for public policy reasons. Farmers contends that the policy behind this rule is to ensure that injured parties receive the minimum liability coverage amounts required by the MVFRL. Because Farm Bureau actually paid Blake $25,000, Farmers argues that purpose has been satisfied and therefore Blake should not be able to collect the uninsured motorist benefits. Farmers cites Tatum v. Van Liner Ins. Co. of Fenton, Mo.,104 F.3d 223 (8th Cir. 1997) to support this proposition. However, I find Tatum is distinguishable from the present case in that it dealt with a joint tortfeasor and a setoff provision, neither of which are issues in the case before me.

---

[1] Judge Price concurring separately, Judge Benton concurring separately in an opinion joined by Judge White and Judge Holstein, and Judge Robertson dissenting separately, all indicate recovery would be allowed from an uninsured motorist policy when the tortfeasor is insured for less than the Missouri minimum liability requirement.

Although Farmers' public policy argument appeals to common sense, I find it does not go the issue of whether Uchtman is considered an uninsured motorist, but rather, addresses the issue of Blake's recovery.

In <u>Adams v. King</u>, an argument similar was made where tortfeasor's insurance company volunteered to pay benefits equal to the amount required by Missouri law. <u>Adams</u>, 275 S.W.3d at 327. King's insurer offered to pay Adams the amount required to meet the Missouri minimum liability limit based on their policy provision stating, " . . . your policy will provide at least the minimum amounts and types of coverages required by law." <u>Id.</u> at 326. According to the Adams' court, that provision did not obligate the insurer to pay the financial responsibility minimums.

There is no indication on the record before us that Louisiana Farm Bureau has a similar requirement to meet out-of-state insurance minimums. However, even if it did, it would still not be deemed to provide minimum liability limits under Missouri law according to the Adam's decision. The <u>Adams</u> court noted, the fact that the insurer offered to pay the statutory minimum in Missouri did not override the language of the injured party's policy. <u>Id.</u> at 328. The language of the Farmers policies in this case is not altered by the fact that Louisiana Farm Bureau already paid Blake $25,000. I find that the terms used to define uninsured motorist in Farmers' policies are ambiguous and the Missouri Supreme Court would decide Uchtman was an uninsured motorist in Missouri based on the liability limit of his Louisiana insurance policy despite the fact that his insurance already paid Blake $25,000.

B. STACKING UNINSURED MOTORIST COVERAGE

The second issue is whether Blake is entitled to stack the uninsured motorist coverage provided by his four Farmers policies. Missouri law on this issue is clear. Missouri allows the

stacking of uninsured motorist coverages where the insured has multiple policies. The Supreme Court in <u>Cameron Mutual Insurance Co. v. Madden</u>, stated,

> "public policy as declared in § 379.203 mandates that when an insured has two separate policies containing uninsured motorist clauses, effect shall be given to both coverages without reduction or limitation by policy provisions, and that both coverages are available to those insured thereby." 533 S.W.2d 538, 542 (Mo. 1976).

This rule has been followed in several Missouri Supreme Courts decisions. <u>See</u>, <u>First National Insurance Company of America v. Clark</u>, 899 S.W.2d 520, 522 (Mo. 1995); <u>Krombach v. Mayflower Insurance Co.</u>, 827 S.W.2d 208, 212 (Mo. 1992); <u>Ragsdale</u>, 916 S.W.2d at 784. In the present case, Blake had four Farmers policies in full force at the time of the accident each providing $30,000 of uninsured motorist benefits. Blake is entitled to stack these policies.

However, the determination regarding whether Blake's policies apply, and if they can be stacked, does not dispose of the present case. Still unresolved is the appropriate amount of recovery to Blake under his Farmers policies. Farmers raises the issue that if Uchtman is considered an uninsured motorist he would only be entitled to the statutory minimum amount of insurance per policy, offset by the amount already recovered. The end result in <u>Ragsdale</u>, appears to support Farmers' contention.

The Missouri Supreme Court allowed the Ragsdales to stack the uninsured motorist coverage of their own policies. But instead of allowing the Ragsdales to recover the face value of each policy, which would have totaled $140,000, it limited their recovery to the $25,000 statutory minimum of each policy for a total of $50,000. The court further reduced the Ragsdales' recovery to $40,000 by offsetting the $10,000 paid by Armstrong's insurer.

However, the issue of recovery is not before me. The parties motions were limited to the questions of whether Farmers' uninsured motorist coverage applied and if Farmers' policies could be stacked. Although the parties referred to the issue of calculating the amount Blake is entitled to recover from Farmers, the issue was not raised in the parties' motions.

### *III. Conclusion*

Upon review of the record and relevant Missouri law, I find that Blake is an uninsured motorist as referenced in Blake's Farmers policies and that Blake is entitled to stack his four policies providing this coverage. Therefore, Blake is entitled to partial summery judgment. Farmers' motion for summary judgment is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Blake's Motion for Partial Summary Judgment [#13] is **GRANTED**.

**IT IS FURTHER ORDERED** that Farmers' Motion for Summary Judgment [#15] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of March, 2010.