UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM R. BLAKE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 4:09CV01194 RWS |
| | ) | |
| FARMERS INSURANCE | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff William Blake filed this lawsuit against his automobile insurer Defendant Farmers Insurance Company, Inc. ("Farmers"). In his complaint he sought a judgment stating that he could collect the full amount of uninsured motorist coverage under each of four insurance policies issued by Farmers.

On March 26, 2010, I granted Blake partial summary judgment finding that he was entitled to collect uninsured coverage from all four of his policies with Farmers.[1] The case was not resolved, however, because there remained the open question of whether Blake could recover the full amount under each policy (each policy provided uninsured motorist coverage limits of $30,000 per person) or whether the amount should be reduced under Missouri Supreme Court precedent.

To address that issue Blake filed another motion for summary judgement asserting that he is entitled to recover $30,000 from each policy with no set-offs for a total of $120,000. Farmers disagrees. It states that the Missouri Supreme Court's ruling in Ragsdale v. Armstrong, 916

---

[1] See that opinion for further details of this dispute.

S.W.2d 783 (Mo. 1996) is controlling. Farmer's asserts that under <u>Ragsdale</u> Blake's recovery should be limited to $25,000 per policy less the $25,000 Blake has already received from the Louisiana Farm Bureau (the "uninsured" motorist's insurer) and further reduced by the $30,000[2] Farmers already paid Blake under the underinsured motorist coverage provision in his policies.

In my Order of March 26, 2010, I discussed the holding in <u>Ragsdale</u> and noted it likely controlled Blake's recovery. But I did not enter a ruling at that time because the parties had not squarely addressed the issue of recovery in their briefs. Blake's present motion for summary judgment and Farmer's response has now fully briefed the issue.

The <u>Ragsdale</u> case is strikingly similar to the present dispute. As I noted in my previous order the Missouri Supreme Court allowed the Ragsdales to stack the uninsured motorist coverage of their own policies. But instead of allowing the Ragsdales to recover the face value of each policy, which would have totaled $140,000, it limited their recovery to the $25,000 statutory minimum of each policy for a total of $50,000. The court further reduced the Ragsdales' recovery to $40,000 by offsetting the $10,000 paid by the "uninsured" motorist's insurer.

Blake's present motion fails to substantiate why his recovery should be greater than has been mandated by the Missouri Supreme Court in <u>Ragsdale</u>. The United States Circuit Court for the Eighth Circuit has also found Ragsdale to mean that "the Missouri Supreme Court will allow recovery under a UM policy, even when the plaintiff has received some recovery under a motor

---

[2] Blake does not dispute that he already received $30,000 for Farmers or that his recovery should be reduced by Farmer's payment. The $30,000 Farmer's payment certainly should be reduced from Blake's recovery. He is limited to recover under the uninsured coverage provision of his policy or the underinsured coverage provision of his policy but not both.

vehicle liability policy, but only up to the statutory minimum, reduced by the amount already recovered." Tatum v. Van Liner Ins. Co. of Fenton, Mo., 104 F.3d 223, 225 (8th Cir. 1997). I find that Ragsdale and Tatum control the issue of recovery in this matter.

As a result I find that Blake is entitled to recover $25,000 on each policy for a total of $100,000 which is reduced by the $25,000 paid to Blake by the Louisiana Farm Bureau and the $30,000 paid to Blake by Farmers for a net recovery of $45,000.

Accordingly,

**IT IS HEREBY ORDERED** that Blake's Motion for Partial Summary Judgment [#24] is **GRANTED** and that he shall have a judgment against Farmers in the amount of $45,000. This ruling completely disposes of this case.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 4th day of August, 2010.